IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

EULANDA LOPEZ, individually
and as Administrator of the Estate of
Raymundo David Lopez,

        Plaintiff,

vs.

THE BANK OF NEW YORK MELLON
CORPORATION f/k/a The Bank of New York as
trustee for registered Holders of CWABS, Inc.

        Defendant.

No.
Part *Ch-18-0691-1*



SHELBY COUNTY
CHANCERY COURT
MAY 0 9 2018
DONNA L. RUSSELL, C & M
TIME: *10:35* BY: *CF*

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, TO ENJOIN FORECLOSURE,
FOR AN ACCOUNTING ON LOANS, DAMAGES,
AND OTHER LEGAL AND EQUITABLE RELIEF

TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF
SHELBY COUNTY, TENNESSEE:

COMES NOW, the Plaintiff, Eulanda Lopez, individually and in her capacity as

Administrator of the Estate of Raymundo David Lopez, and would state unto this

Honorable Court as follows:

      1.  Plaintiff is an adult resident citizen of Shelby County, Tennessee residing at

7490 Red River Drive, Memphis, Tennessee 38125. Plaintiff avers that she is the duly

appointed Administratrix of the Estate of Raymundo David Lopez that was opened in the

Shelby County Probate Court under Docket Number PR-10854 on March 12, 2018.

Attached hereto a collective Exhibit "A" is a true and attested copy of the Order Opening

Estate and Granting Letters of Administration and Letters of Administration issued to the

Plaintiff.

      2.  Defendant The Bank of New York Mellon Corporation f/k/a The Bank of New

York is ("New York Mellon"), upon information and belief, is a corporation and banking entity authorized to do business in the State of Tennessee and is capable of being served with process through its registered agent CT Corporation System, 300 Montvue Road, Knoxville, TN 37919 and also through its counsel of record, Marinosci Law Group c/o Renee Kammer, 50 Peabody Place, Suite 255, Memphis, TN 38103.

3.  The subject of this Complaint is the real property located at 7490 Red River Drive, Memphis, TN 38125 that is presently owned by Plaintiff and her minor child, Mia Lopez, and a foreclosure sale on said property which is presently scheduled for May 10, 2018 in Memphis, Shelby County, Tennessee and therefore jurisdiction and venue are proper.

4.  Defendant is the mortgage servicer and/or owner of the mortgage which is the subject of this litigation. Defendant is the real party in interest and moving party for a foreclosure sale that has been scheduled but has not yet occurred. Said foreclosure sale is presently scheduled for May 10, 2018 at 10:00 a.m. in the Comfort Inn Downtown pursuant to the correspondence and Notice of Successor Trustee's sale which is attached hereto as collective Exhibit "B" and is incorporated by reference herein as if so stated verbatim.

5.  Plaintiff avers that Raymundo D. Lopez died intestate on April 24, 2016 leaving Plaintiff and his only child, Mia Lopez, as his heirs at law. Plaintiff further avers that said minor child was the beneficiary of a life insurance policy through Liberty Mutual Insurance Company. Plaintiff avers that the Guardianship of Mia Lopez was opened on July 5, 2016 in the Shelby County Probate Court under Docket Number PR-006440 for purposes of the minor receiving said life insurance proceeds. A true and attested copy of the Order Granting Petition for Appointment of Guardian For Minor and

Authorizing Encroachment is attached hereto as Exhibit "C" and is incorporated by reference herein as if so stated verbatim.

6. Plaintiff and her deceased husband were obligated on a mortgage in which the original lender was Eagle Mortgage & Funding Corporation. The mortgage was secured by a Deed of Trust that was recorded in the Shelby County Register's Office at Instrument No. 06003130. Said Deed of Trust was assigned to Defendant on or about July 13, 2012 and said Assignment of Deed of Trust was recorded in the Shelby County Register's Office at Instrument No. 12078516.

7. Plaintiff avers that subject mortgage has been serviced by multiple parties over the course of the life of the loan, including Green Tree Lending, Di-Tech and Carrington, and that Plaintiff and her late husband received relief from the federal government as a result of mortgage fraud.

8. Notwithstanding the foregoing, Plaintiff avers that Defendant has refused to cooperate or communicate with her in ascertaining any potential payments owed, despite numerous attempts on her behalf made by Plaintiff's counsel. Furthermore, Plaintiff avers that Defendant is aware of the fact that the Shelby County Probate Court Clerk's office is holding funds sufficient to cure any alleged default, but that Defendant and Defendant's counsel still refuses to produce any documentation, however described, related to the loan.

9. Plaintiff avers that initially Defendant's counsel informed Plaintiff's counsel that the foreclosure sale would likely be postponed, in light of the fact that there were sufficient funds on deposit in the Probate Court Clerk's office to cure any alleged default, but that Defendant's counsel will not confirm that the sale is postponed and Plaintiff reasonably fears that the foreclosure sale will move forward on May 10, 2018 in light

of this fact.

10. Plaintiff has been confused by the status of her account because various servicers of the mortgage, including, most recently, Carrington Mortgage Service, LLC, have been soliciting payments in various amounts, and Plaintiff has attempted with Defendant and these various servicers to establish a loan reinstatement, modification or even ascertain the amount of any alleged default amount and is even confused as to the party entitled to receive the same.

11. Plaintiff has been unable to make any headway whatsoever despite regular and sometimes daily inquiries, both telephonically and written, and even through efforts of her counsel and counsel for the Guardianship of Mia Lopez and the Estate of Raymundo Lopez.

12. Plaintiff believes and alleges charges and fees which have or may have been run up on the account are excessive, duplicative and could have led to further alleged and additional defaults and she demands strict proof of any and all money which is due on the loan and proof certain by ledger card or otherwise that a default exists as claimed by Defendant.

13. Plaintiff believes and alleges Defendant, in derogation of the law, has violated the existing consent decree with the Comptroller of the Currency which requires a servicer of a mortgage to seek a reinstatement or modification, let alone advise of an alleged monetary amount, before a foreclosure. Plaintiff alleges that Defendant has not acted in good faith and has refused or neglected to show any of the details of her loan to her or her counsel in writing, especially in light of the fact Defendant is well aware the Shelby County Probate Court Clerk's office is holding funds which would be sufficient to resolve the matter.

14. Plaintiff avers the subject Deed of Trust is a contract of adhesion; not contemplated, read or negotiated by the parties, and that the process in Tennessee of foreclosure by a Trustee on the courthouse steps denies citizens of rights they would otherwise have under due process.

15. Plaintiff avers Defendant has not applied payments as provided for in the Deed of Trust and note since it has received the assignment and ownership of the loan. Additionally, Plaintiff avers the Defendant has not applied proper credit to Plaintiff of the relief afforded to her by the federal government in the mandated loan modification process.

16. Plaintiff believes Defendant has mismanaged the escrow account in relationship to the loan which was supposed to address taxes and insurance. The Defendant has assured a generous profit to itself on the configuration of the escrow, and upon information and belief, has also "forced place" insurance on the property through an entity or company in which it was a stakeholder.

17. Plaintiff further alleges that the mortgage product which financed this loan was abusive and predatory, and resulted in a huge increase in the loan payment and that the loan from the outset was calculated to result in a default through techniques such as front loading huge fees.

18. Plaintiff avers that Defendant has misrepresented itself, especially in light of the countless other "loan servicers" referenced above and have continued to do so, in multiple ways, including (1.) a misapplication of money received under the note and deed of trust such that late charges are fees are paid before notes (2.) selling and marketing of this loan under a loan scheme that abusively does not advise Plaintiff of what mortgage obligation is and how it likely increases (3.) not properly giving Plaintiff credit for the

relief afforded to it by the federal government (4.) addition of attorney's fees and late charges that are in excess of any actual loss or actual fee paid (5.) refusing to provide Plaintiff with even an amount of alleged default.

19. As a result of the Defendant's conduct, Plaintiff has been damaged, has no peace of mind with respect to the property, has lost financing opportunities and other avenues of relief.

20. As a result of not receiving proper notices or notices that explain the loan or the alleged loan default, Defendant has left the Plaintiff with no timetable or even the ascertainment of what it would take to cure any alleged default.

21. Plaintiff alleges that of any money Plaintiff would allegedly owe on a mortgage, the majority of any past due funds are attorney's fees or unexplained mortgage charges that do not account for the relief Plaintiff received from the government.

22. Plaintiff alleges that Plaintiff has in good faith tried to contact and discuss this matter with Defendant but has been unsuccessful in her efforts to do so in light of the mortgage department having insufficient employees to review these situations.

23. Plaintiff avers that notice has been provided to the Defendant and is alleged to be compliant with Tenn. Code Ann. 29-23-201, et. seq. and that counsel for Defendant is aware that Plaintiff's counsel will seek a Temporary Restraining Order on May 9, 2018 at 10:00 a.m. in the Shelby County Chancery Court to temporarily restrain the foreclosure sale set for May 10, 2018.

## COUNT I—INJUNCTIVE RELIEF

24. The allegations contained in Paragraphs 1-23 are incorporated by reference herein as if so stated verbatim.

25. Plaintiff will suffer immediate, irreparable harm if this Honorable Court does not issue a Temporary Restraining Order and/or a Temporary Injunction enjoining the Defendant and its agents from foreclosing on her real property located 7490 Red River Drive, Memphis, TN 38125.

26. The harm Plaintiff will suffer if Defendant or its agents foreclose on her real property located at 7490 Red River Drive, Memphis, TN 38125 before this matter can be fully adjudicated heavily outweighs the harm Defendant would suffer should this Honorable Court grant either a Temporary Restraining Order or Temporary Injunction, especially in light of the fact that Defendant is fully aware of the fact that the Shelby County Probate Court Clerk's office is holding funds sufficient to cure any actual default.

27. Good conscience and equity require that this Honorable Court issue a Temporary Restraining Order or a Temporary Injunction.

### COUNT II—REQUEST FOR ACCOUNTING ON ALL LOANS

28. The allegations contained in Paragraphs 1-27 are incorporated by reference herein as if so stated verbatim.

29. Plaintiff avers that Defendant should be ordered to account for any and all fees and expenses allegedly owed by Plaintiff on any loan, identify the proper party servicing the loan in light of the multiple loan services who have sent correspondence to Plaintiff as stated herein, including but not limited to Di-Tech and Carrington Mortgage Services.

30. Additionally, Plaintiff requests that this Honorable Court order the Plaintiff to present proof on the correct loan servicing company and that the rights of any parties claiming a security interest in Plaintiff's property be determined.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays:

1. That process issue and the Defendant be required to answer this Complaint within the timeframe set forth under the laws.

2. That upon a hearing in this cause, Plaintiff be awarded compensatory damages for her losses and conduct described herein.

3. That Plaintiff be freely granted leave of court in this matter to amend her Complaint to conform with any additional facts or information that is uncovered in particular with respect to the addition of potential, yet unknown, indispensable parties.

4. That this Honorable Court issue a Temporary Restraining Order and Temporary Injunction restraining and enjoining the Defendant and its agents from conducting a foreclosure sale and foreclosing on her real property located at 7490 Red River Drive, Memphis, TN 38125.

5. That this Honorable Court grant the Plaintiff any other type of relief, general or specific, that it sees fit.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CAUSE.**

Respectfully submitted,

Curtis A. Runger, #22995
Ryan J. Spickard, #33556
Attorneys for the Plaintiff
DOUGLASS & RUNGER
2820 Summer Oaks Dr.
Bartlett, TN 38134
901-388-5805

AFFIDAVIT

STATE OF TENNESSEE
COUNTY OF SHELBY

     I, Eulanda Lopez, Administratrix of the Estate of Raymundo David Lopez, upon

being duly sworn, would state that the facts set forth in the foregoing Complaint are true to

the best of my knowledge, information and belief.

_____
Eulanda Lopez

     SWORN and SUBSCRIBED before me, a Notary Public, on this 3rd day of

May , 2018.

_____
Notary Public

My Commission Expires:

12/6/2021

STATE OF
TENNESSEE
NOTARY
PUBLIC
CURTIS ALAN RUNGER
SHELBY COUNTY
MY COMMISSION EXPIRES 12-6-2021

**FIAT**

To the Clerk of Court

Issue a Temporary Restraining Order restraining and enjoining the Defendant or its agents from foreclosing on the property located at 7490 Red River Drive, Memphis, TN 38125 and set this matter for hearing on a request for a temporary injunction on the *24* day of _____*May*_____, at *10:00* A.M.

Bond is set at _____*500.00*_____

_____*Walter L. Evans*_____
CHANCELLOR

DATE: _____*05/09/18*_____

TIME: _____*10:47*_____

IN THE PROBATE COURT OF SHELBY COUNTY, TENNESSEE

IN RE:

THE ESTATE OF
RAYMUNDO DAVID LOPEZ.

NO. PR- 10854

## ORDER OPENING ESTATE AND GRANTING LETTERS OF ADMINISTRATION

This cause came on to be heard on the _12th_ day of _March_, 2018 upon the

sworn Petition of Eulanda Lopez, the sworn testimony of the Petitioner in open Court, statements of

counsel and the entire record in this cause from all of which it appears to the Court and the Court

finds as follows:

1. Petitioner's address is 7490 Red River Drive, Memphis, Tennessee 38125.

Petitioner is the spouse of Raymundo David Lopez ("the Decedent").

2. That the Decedent died in Shelby County, Tennessee on April 24, 2016, a permanent

domiciliary of Shelby County, Tennessee at the time of his death.  His age at death was 50.

3. That a diligent search and inquiry was made of the Decedent's important papers and no

Will was found and Petitioner does not believe the Decedent had a Will. In light of the foregoing,

the Court finds that the Decedent died intestate.

4. The Decedent left no issue at the time of time of his death and was survived by his wife,

Eulanda Lopez, and his daughter, Mia Lopez.  Pursuant to T.C.A. §31-2-104, the next of kin for

intestate succession is set forth below and said next of kin are not under disability and whose

relevant information is set forth below:

| Name | Age | Relationship | Address |
|------|-----|--------------|---------|
| Eulanda Lopez | 48 | Spouse | 7490 Red River Drive<br>Memphis, TN  38125 |

| Mia Lopez | 16 | Daughter | 7490 Red River Drive<br>Memphis, TN 38125 |

5. The Decedent left the following assets subject to administration with the approximate values as indicated:

    A. 7490 Red River Drive, Memphis, TN 38125
       (Tax Assessor value: $158,200.00)

    B. 2003 GMC Sierra 1500 truck (Estimated value: $1,000.00)

    C. 2011 Buick Regal sedan (Estimated value: $5,000.00)

6. At the time of death, Decedent was under the age of fifty-five years and to Petitioner's knowledge was not enrolled in the Tenncare program in Tennessee.

7. Petitioner is the spouse of the Decedent, over the age of 18 years, is willing to serve as Administratrix and otherwise is competent to serve.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That Eulanda Lopez be, and she is hereby, appointed Administratrix of the intestate estate of Raymundo David Lopez, having demonstrated her competency and willingness to accept appointment in open Court.

2. The Clerk is hereby directed to issue Letters of Administration to Eulanda Lopez upon her taking the oath as prescribed by law.

3. That bond be set in the amount of $ _18,000_ .

4. That said personal representative shall file an inventory in this cause within 60 days of the date of this Order.



KATHLEEN N. GOMES
JUDGE

DATE: MAR 1 2 2018

A TRUE COPY ATTEST
PAUL BOYD CLERK

BY _____ D.C.

Curtis A. Runger, #22995
Douglass & Runger
Attorney for Petitioner
2820 Summer Oaks Drive
Bartlett, Tennessee  38134
(901) 388-5804

## LETTERS OF ADMINISTRATION

State of Tennessee, County of Shelby County          Docket No. <u>PR010854</u>

    TO:   <u>EULANDA LOPEZ</u>     ADMINISTRATOR(S)

The Probate Court of Shelby County, Tennessee has found that <u>RAYMUNDO DAVID</u> <u>LOPEZ</u> has died, leaving no will.  The Court is satisfied that your claim to administer assets is valid and proper, that you have given bond if required by the Court, that you have taken the oath of office, that you are qualified by the laws of this State to serve in such capacity, and therefore, the Court has ordered that Letters of Administration be issued to you.

These letters authorize and empower you to take into your possession and control all property of the decedent subject to probate.  As Administrator(s) of this Estate, you must file a true and correct inventory and accountings as required by law, unless excused by court order. You are further authorized to collect all assets, pay all lawful debts as provided by statute, and to transact all duties relating to said Estate which lawfully devolve on you as Administrator(s). After settling all claims lawfully filed against the Estate and properly administering the Estate as required by law, you are required to deliver the residue to those who are entitled thereto. Issued by the Shelby County Probate Court Clerk this <u>12-MAR-2018</u>.

**PAUL BOYD CLERK**

By: <u>ALLISON WHITE</u>
Deputy Clerk

State of Tennessee, County of Shelby

    I, PAUL BOYD CLERK of the Probate Court of Shelby County, Tennessee do hereby certify that the foregoing is a correct copy of the Letters of Administration issued to <u>EULANDA</u> <u>LOPEZ</u> as Administrator(s) of the Estate of <u>RAYMUNDO DAVID LOPEZ</u>, decedent, as same appears of record in cause number

<u>PR010854</u> now on file in my office and that same still remain in full force and effect.

    IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court, in the City of Memphis, State of Tennessee, this <u>12-MAR-2018</u>.

PAUL BOYD CLERK

By

Deputy Clerk

Seal must be affixed here



| PHILLIP A. NORMAN, ESQ. | GARY MARINOSCI, ESQ. | CHRISTOPHER BAXTER, ESQ. |
|---|---|---|
| Admitted in IN | Admitted in RI & MA | Admitted in AR & TX |
| CHAD MORRONE, ESQ. | FLOYD HEALY, ESQ. | JOSEPH DOLBEN, ESQ. |
| Admitted in MA | Of Counsel Admitted in AR & MS | Admitted in NH. MA & RI |
| GREGG DREILINGER, ESQ. | ROBERT COLEMAN, ESQ. | EILEEN O'SHAUGHNESSY, ESQ. |
| Admitted in FL. | Admitted in AR & TN | Admitted in CT |

## THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**VIA CERTIFIED MAIL**
# 9414 7118 9956 0569 1392 85
**AND VIA FIRST CLASS US MAIL**

March 20, 2018

THE UNKNOWN HEIRS OF RAYMOND LOPEZ AKA RAYMOND D. LOPEZ
7490 RED RIVER DRIVE
MEMPHIS, TN 38125

    RE: THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc. Asset-Backed Certificates, Series 2006-3 vs. RAYMOND LOPEZ, RAYMOND D LOPEZ, et al.
Loan Number: *****49963
Property Address: 7490 RED RIVER DRIVE, MEMPHIS, TN 38125

To Whom It May Concern:

Enclosed please find a Notice of Successor Trustee Sale. Please be advised that the sale will be held on March 15, 2018 at 10:00 a.m. in the auction.com room at the Comfort Inn Downtown, 100 N. Front Street, Memphis, TN, 38103

If you have any questions please feel free to give me a call.

Sincerely,

Renee Kammer

Enclosure

---

## NOTICE OF SUCCESSOR TRUSTEE'S SALE

**WHEREAS,** default has occurred in the performance of the covenants, terms and conditions of a Deed of Trust Note dated December 2, 2005, and the Deed of Trust of even date, securing said Deed of Trust Note recorded as Instrument Number 06003130 in the Register's office for Shelby County, Tennessee, executed by RAYMOND D LOPEZ AND EULANDA LOPEZ, husband and wife, conveying the certain property described therein to MICHAEL A. FEARNLEY, Trustee, for the benefit of Eagle Mortgage & Funding Corporation and to Renee Kammer having been appointed as Successor Trustee by instrument of record in the Register's office for Shelby County, Tennessee as Instrument Number 16093645.

**WHEREAS,** the owner and holder of the Deed of Trust Note has declared the entire indebtedness due and payable and demanded that the hereinafter described real property be advertised and sold in satisfaction of indebtedness and costs of foreclosure in accordance with the terms and provisions of the Deed of Trust Note and Deed of Trust.

**NOW, THEREFORE,** notice is hereby given that an agent of Renee Kammer, as Successor Trustee, pursuant to the power, duty and authority vested in and conferred upon said Successor Trustee, by the Deed of Trust, will on March 15, 2018 at 10:00 a.m. in the auction.com room at the Comfort Inn Downtown, 100 N. Front Street, Memphis, Tennessee, 38103 offer for sale to the highest bidder for cash, and free from all legal, equitable and statutory rights of redemption, exemptions of homestead, rights by virtue of marriage, and all other exemptions of every kind, all of which have been waived in the Deed of Trust, certain real property located in Shelby County, Tennessee, described as follows:

> LOT 37, FINAL PLAT, 2ND ADDITION OF HARVEST KNOLL SUBDIVISION, PHASE 1, AS SHOWN ON PLAT OF RECORD IN PLAT BOOK 146, PAGE 76, IN THE REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE, TO WHICH REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID PROPERTY.

> MORE COMMONLY KNOWN AS: 7490 RED RIVER DRIVE, MEMPHIS, TN 38125

Said sale shall be held subject to all matters shown on any applicable recorded plat; any unpaid taxes; any restrictive covenants, easements, or setback lines that may be applicable; any statutory rights of redemption of any governmental agency, state or federal; any prior liens or encumbrances as well as any priority created by a fixture filing; to any matter that an accurate survey of the premises might disclose; and subject to, but not limited to, the following parties who may claim an interest in the above-referenced property: none.

The following individuals or entities have an interest in the above-described property: (1) ESTATE OF RAYMOND LOPEZ AKA RAYMOND D. LOPEZ (2) EULANDA LOPEZ (3) THE UNKNOWN SPOUSE OF EULANDA LOPEZ (4) THE UNKNOWN SPOUSE OF

16-11621

RAYMOND LOPEZ AKA RAYMOND D. LOPEZ (5) THE UNKNOWN HEIRS OF RAYMOND LOPEZ AKA RAYMOND D. LOPEZ (6) THE PERSONAL REPRESENTATIVE OF THE ESTATE OF RAYMOND LOPEZ AKA RAYMOND D. LOPEZ (7) WELLS FARGO FINANCIAL ACCEPTANCE TN (8) LVNV FUNDING LLC ASSIGNEE (9) JACKSON BRONSON & FERACI INC. (10) OCCUPANTS/TENANTS OF 7490 RED RIVER DRIVE, MEMPHIS, TN 38125.

To the best of the Trustee's knowledge, information, and belief, there are no other Federal or State tax lien claimants or other claimants upon the subject property which would require notice pursuant to the terms and provision of T.C.A. § 35-5-104 or T.C.A. § 67-1-1433 or 26 U.S.C. § 7425.

The sale held pursuant to this Notice may be rescinded at the Successor Trustee's option at any time. The Successor Trustee may postpone the above referenced sale from time to time as needed without further publication. The Successor Trustee will announce the postponement on the date and at the time and location of the originally scheduled sale.

This is an attempt to collect a debt, and any information gathered in connection herewith will be utilized for that purpose.

DATED this 21st day of February 2018

Prepared by:
Renee Kammer
Marinosci Law Group, P.C.
50 Peabody Place, Suite 255
Memphis, TN, 38103

Renee Kammer
Successor Trustee

Newspaper Insertion Dates:
February 22, 2018; March 1, 2018; March 8, 2018

16-11621

EXHIBIT "C"

IN THE PROBATE COURT OF SHELBY COUNTY, TENNESSEE

IN RE:

GUARDIANSHIP OF MIA ADRIANNA LOPEZ,                    NO. PR-6440
    a minor.

ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN FOR MINOR
AND AUTHORIZING ENCROACHMENT

THIS CAUSE came on to be heard before the Honorable Kathleen N. Gomes, Judge of

Division 1 of the Probate Court of Shelby County, Tennessee on July 8, 2016 upon the sworn

petition of Eulanda Lopez requesting that she be appointed guardian of the person and estate of

her minor child, Mia Adrianna Lopez, upon the sworn testimony of the Petitioner in open court,

statements of counsel for Petitioner and the entire record in this cause, from all of which it

appears unto this Honorable Court as follows.

IT APPEARS to the Court that said minor's natural father, Raymundo David Lopez, died

on April 24, 2016, leaving the minor child as sole beneficiary of his life insurance plan with

Liberty Mutual Insurance Company in the total amount of $500,000.00 and that the minor is in

need a guardian to receive and manage the aforementioned life insurance. It further appears that

the minor acquired an undivided one-half ownership interest in the real property located at 7490

Red River Drive, Memphis, TN 38125.

IT APPEARS to the Court that the minor will receive the sum of $1,224.00 per month

from Social Security and that the Petitioner proposes to use the Social Security payments for the

minor's living expenses and to preserve the guardianship assets for education expenses and other

extraordinary expenses the minor may incur.

1

IT APPEARS to the Court that the Petitioner intends to deposit the life insurance proceeds in the Probate Court Clerk's Office and that as such, pursuant to T.C.A. §34-1-105(b)(4), the Court should waive the requirement of bond and order the Clerk's office not to allow the guardian to withdraw funds without Court approval, but waive the requirement of an annual accounting.

The Court finds that Petitioner is the minor's natural mother, is a proper party to serve as guardian and has demonstrated her competence and willingness to serve.

Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  Eulanda Lopez is appointed guardian of the person and estate of her minor child, Mia Adrianna Lopez, and the Clerk is directed to issue all necessary and proper papers to her.

2.  Except as otherwise provided herein, the guardian is directed to deposit *the Liberty Mutual Life Insurance* said funds into the Probate Clerk's office which shall invest and manage said funds pending further orders of Court.  Consequently, bond is waived and the guardian is excused from filing annual accountings.

3.  The guardian is authorized to spend all proceeds received from Social Security to provide for the minor's day to day needs without accounting to this Court for said expenditures.

4.  That the attorney's fees and expenses for Petitioner's attorney be reserved pending further orders of this Court.

Judge

Date: JUL 0 8 2016

Curtis A. Runger, #22995
Attorney for Petitioner
2820 Summer Oaks Drive
Bartlett, Tennessee 38134
(901) 388-5805

SHELBY COUNTY
CHANCERY COURT
MAY 0 9 2018
DONNA L. RUSSELL, C & M
TIME: 11:57 BY:

## RESTRAINING BOND

No. CH-18-0691-I

WE EVLANDA LOPEZ, individually and as Administrati of the Estate of Raymundo D. Lopez as principal and CURTIS A. RUNGER Attorney at LAW as surety acknowledge ourselves indebted to THE BANK OF NEW YORK MELLON in the sum of 500.00 Dollars

The condition of the above Bond is such, that whereas the said EVLANDA LOPEZ, et.a)

_____ Plaintiff (s) this day filed_____Bill in the Chancery Court of Shelby County against the said

BANK OF NEW YORK MELLON Defendant(s) and obtained a fiat for the issuance of the

Restraining Order, in accordance with said fiat, upon the execution of the Bond. Now, if the said Plaintiff(s) shall pay

such damages and costs as may be awarded by the Chancery Court in dismissing the complaint, then this obligation to

be void, otherwise to remain in full force and effect.

Witness our hands and seals this, the 9th day of May 20 18

TN BPR
#22995
2820 SUMMER OAKS DR.
BARTLETT, TN 38134
901-388-5805

**Entered**

MAY 2 4 2018

IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**M.B.**

EULANDA LOPEZ, individually
and as Administrator of the Estate of
Raymundo David Lopez,

      Plaintiff,

vs.

THE BANK OF NEW YORK MELLON
CORPORATION f/k/a The Bank of New York as
trustee for registered Holders of CWABS, Inc.

      Defendant.

No. CH-18-0691
Part I

---

## ORDER GRANTING TEMPORARY INJUNCTION

---

THIS CAUSE came to be heard before the Honorable Walter Evans, Chancellor of Part I

of the Shelby County Chancery Court on May 24, 2018 upon the verified Complaint for

Injunctive Relief, to Enjoin Foreclosure, for an Accounting on Loans, Damages and

Other Legal and Equitable Relief, filed by the Plaintiff, Eulanda Lopez, individually and

as Administrator of the Estate of Raymundo David Lopez, upon statements of counsel for

the Plaintiff, from all of which it appears unto the Court as follows:

      IT APPEARS that this Honorable Court issued a Temporary Restraining Order in

this cause on May 9, 2018 enjoining the Defendant, The Bank of New York Mellon

Corporation f/k/a The Bank of New York as trustee for registered Holders of CWABS,

Inc. and its agents and/or assigns from foreclosing on the real property located at 7490

Red River Drive, Memphis, Tennessee 38125, and,

      IT FURTHER APPEARS unto this Honorable Court that the Defendant, while not

consenting to the issuance of a Temporary Injunction, informed Plaintiff's counsel that

it would not show up at the hearing to oppose the issuance of a Temporary Injunction against it in this cause enjoining it or its agents and/or assigns from foreclosing on the real property located at 7490 Red River Drive, Memphis, Tennessee 38125 and that as such, the Plaintiff's application for a Temporary Injunction should be granted.

**IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED** that the Plaintiff's application for a Temporary Injunction is hereby granted and that the Defendant, The Bank of New York Mellon Corporation f/k/a The Bank of New York as trustee for registered Holders of CWABS, Inc. and its agents and/or assigns are hereby temporarily enjoined from foreclosing on the real property located at 7490 Red River Drive, Memphis, Tennessee 38125 pending a final hearing on the merits of this cause and pending further orders of this Honorable Court.

_Walter L. Evans_
CHANCELLOR

DATE: _05/24/18_

**APPROVED AS TO ENTRY:**

Curtis A. Runger, #22995
Attorney for Plaintiff
DOUGLASS & RUNGER
2820 Summer Oaks Dr.
Bartlett, TN 38134
P-901-388-5805
F-901-372-8264

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a true and attested copy of the foregoing Order Granting Temporary Injunction, to the individuals listed below, via first-class U.S. Mail, postage prepaid, on this the 14 day of May 2018.

CURT RUNGER

Renee Kammer
Marinosci Law Group
50 Peabody Place, Ste. 255
Memphis, TN 38103
*Attorney for the Defendant*

THE STATE OF TENNESSEE

TO _THE BANK OF NEW_
_YORK MELLON f/k/a The Bank of New York_
_as trustee for the registered Holders of_
_CWABS, Inc._

AGENTS AND ATTORNEYS - Greetings

WHEREAS _EULANDA LOPEZ, INDIVIDUALLY AND AS_
_ADMINISTRATRIX OF THE ESTATE OF RAYMUNDO D. LOPEZ_
hath lately exhibited _VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF_ Complaint in the Chancery Court of
Shelby County against you the said _DEFENDANT, THE BANK OF NEW_
_YORK MELLON f/k/a The Bank of New York_
_as trustee for registered Holders of CWABS, Inc._
_____, as Defendants therein, and obtained from the
Honorable _WALTER EVANS_____, Chancellor, a fiat that a restraining order issue

according to the prayer of said complaint. We, therefore in consideration of the premises, do strictly restrain and
command you, the said _DEFENDANT, THE BANK OF NEW YORK_
_MELLON f/k/a The Bank of New York_
_as trustee for registered Holders of CWABS,_
_Inc._

and all and every the persons before mentioned, and each and every of you, that you and every of you, do absolutely
desist and refrain and be restrained _from foreclosing on the property_
_located at 7490 Red River Dr., MEMPHIS, TN_
_38125_

until further orders of our said Court to the contrary. And this you shall in no wise omit, under the penalty prescribed
by law.

A TRUE COPY-ATTEST
Donna L. Russell, Clerk & Master
By _____
D.C. & M.

**WALTER L. EVANS**
_____
Chancellor
This _9th_ day of _May_____, 20_18_, at _10:47_ .m.

Witness, Donna L. Russell, Clerk and Master of said Court,
This _9th_ day of _May_____, 20_18_

Donna L. Russell, Clerk and Master
By _____ Deputy Clerk and Master

No. CH-18-0691-1

**CHANCERY COURT**

VS. } **RESTRAINING ORDER**

Issued 9th day of May 20 18

Donna L. Russell, C & M

Came to hand _____ day of _____ 20 _____

_____
ATTORNEY FOR PLAINTIFFS